IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TROY L. SOUTHWARD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv440 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| DOUGLAS COUNTY CORRECTIONAL | ) | |
| MEDICAL DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, Troy L. Southward, a prisoner in the Douglas County Corrections Center ("DCCC"). The plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the medical personnel at DCCC, including the physician in charge and the Director of Nursing at DCCC, have failed and refused to treat the plaintiff and provide his prescribed medications for his bipolar, schizophrenic and asthmatic conditions.

**Eighth Amendment**

The Eighth Amendment to the United States Constitution requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). For example, a prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

The *objective* element of an Eighth Amendment claim requires a deprivation or a

---

[1] The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

1

combination of conditions which, viewed objectively, is sufficiently "serious," that is, "the defendant's act(s) or omission(s) must result in the denial of 'the minimal civilized measure of life's necessities;' or the defendant must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted). The *subjective* element of an Eighth Amendment claim requires that the defendant act with deliberate indifference to inmate health or safety. Deliberate indifference means that the defendant both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference describes a mental state more blameworthy than negligence; but a plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will result. Id., 511 U.S. at 835.

### Presumption of Official Capacity

The complaint does not specify whether the defendants (Director of Nursing and physician in charge - names currently unknown) are sued in their individual capacity, official capacity, or both capacities. In those circumstances, the law presumes that a defendant is sued *only* in his or her official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against an employee of Douglas County, in his or her official capacity, is in reality a claim against Douglas County, the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

### Municipal Liability

It is important that the plaintiff understand the basis of a claim against the County, as opposed to a claim against individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. A city or county, or its department(s) must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a county may not be held liable merely because one of its employees violated the plaintiff's civil rights. The county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In this case, the plaintiff alleges a policy or custom of withholding inmates' prescribed medications at DCCC, notwithstanding mental and physical side effects suffered by prisoners, such as the plaintiff, as a result of the abrupt withdrawal of their medication.

**Amendment to the Complaint**

If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the defendants, or some of them, are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue any defendants in their individual capacity or in both capacities, the plaintiff must request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

This case is assigned to the docket of Senior District Judge Lyle E. Strom. However, a Magistrate Judge may conduct initial review. I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons forms and ONE Form 285 to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on Douglas County (i.e., on the defendants in their *official* capacity - which means Douglas County), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The address of the County Clerk is: Douglas County Clerk, 1819 Farnam Street H08, Omaha, NE 68183.

On the other hand, public employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

4. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the persons named as defendants in the complaint are sued in their individual capacity as well as official capacity. If the plaintiff files such an Amendment, he may be entitled to additional summons and 285 forms.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

10.   A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

11.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.   The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 19th day of July, 2006.

                                      BY THE COURT:


                                      s/ F. A. GOSSETT
                                      United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process on your behalf and where to serve the defendant(s). the U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Neb. Rev. Stat. § 25-510.02(2), regarding service of summons on political subdivisions of the State of Nebraska, states:

> Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk.

The address of the Douglas County Clerk is 1819 Farnam Street H08, Omaha, NE 68183.

On the other hand, public employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

4. Do not copy your complaint to attach to the summons. the court will do that for you.

5. You may serve only defendant(s) named in the case caption of the complaint. If you want to serve additional defendants, you must amend your complaint to add the others to the case caption.

6. Be sure to print your case number on all forms.

7. You must give an address for the party to be served. the U.S. Marshal will not know a defendant's address.

8. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

9. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

10. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

11. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.